# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD L TSOSIE,** : | |
| : | |
| **Plaintiff** : | **CIVIL NO. 3:CV-12-0893** |
| : | |
| **v.** : | **(Judge Caputo)** |
| : | |
| **UNITED STATES** : | |
| : | |
| **Defendant** : | |

# M E M O R A N D U M

## I.   Introduction

On May 14, 2012, Ronald Tsosie, a federal inmate formerly housed at USP-Lewisburg, in Lewisburg, Pennsylvania, filed this action pursuant to the Federal Tort Claim Act (FTCA), 28 U.S.C. § 2671, *et seq*., alleging he was assaulted by various Bureau of Prisons (BOP) employees and then denied medical attention for his injuries.  (Doc. 1, Compl.)  On May 17, 2012, the Court granted Mr. Tsosie's request to proceed *in forma pauperis* and directed service of the Complaint on the sole defendant, the United States.  (Doc. 6, Order.)

Presently before the Court is Defendant's motion to revoke Mr. Tsosie's *in forma pauperis* status (Doc. 18) based upon the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).  (Doc. 19.)  For the reasons that follow, Defendant's motion will be denied without prejudice.

## II. Relevant Law

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, allows "[a] prisoner seeking to bring a civil action or [to] appeal a judgment in a civil action" to proceed "without prepayment of fees or security therefor," if the prisoner can demonstrate that he or she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(2); *Ball v. Famiglio*, 726 F.3d 448, 451-52 (3d Cir. 2013). However, pursuant to 28 U.S.C. § 1915(g), a prisoner who on three or more occasions, has filed an action in a federal district court or on appeal, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *See* 28 U.S.C. § 1915(g); *Ball,* 726 F.3d at 467. Inmates with three strikes and who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001). Thus, when granting or revoking an inmate's *in forma pauperis* status because of his or her accrual of three strikes, the court must determine what strikes the inmate accrued prior to initiating the action immediately before the court. *Gibbs v. Ryan*, 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three qualifying strikes to their name, then the court must consider whether the inmate qualifies for the "imminent danger" exception.

An inmate will only earn a strike under § 1915(g) if the entire action or appeal is dismissed as frivolous, malicious, or fails to state a claim. *Ball*, 726 F.3d at 464, citing *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). Also, dismissal of an action or an appeal simply under the guise of 28 U.S.C § 1915(e)(2)(B) is insufficient to qualify the dismissal as a strike. Only dismissals pursuant to 28 U.S.C. § 1915 (e)(2)(B) that explicitly state that the dismissal is because the action or appeal is "frivolous," "malicious," or "fails to state a claim" constitutes a strike. *Ball*, 726 F.3d at 463, citing *Byrd,* 715 F.3d at 126-127. Additionally, "strikes may be accrued in actions or appeals regardless of whether the prisoner has prepaid the filing fee or is proceeding IFP." *Byrd,* 715 F.3d at 124.

Only when a qualifying dismissal is "final," either when the appeal from that decision is resolved or is waived by the inmate, does the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g). *Ball*, 726 F.3d at 464-465. The "affirmance of a dismissal (whether or not it was on grounds that would cause the prisoner to accrue a strike)" does not count as a separate strike. *Ball*, 726 F.3d at 464. However, the "*dismissal* of an appeal on one of the enumerated grounds [in 28 U.S.C. § 1915(g)] counts as a [separate] PLRA strike." (*Id*.)(emphasis added).

Notably, a prisoner civil rights action dismissed based on the inmate's failure to exhaust their available administrative remedies as required by 42 U.S.C. § 1997e(a), "do[es] not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and then

-3-

the court dismisses the unexhausted complaint for failure to state a claim." *Ball*, 726 F.3d at 460; *see also Id.* at n. 17.[1]

### III. Mr. Tsosie's Prior Litigation History Cited by Defendant

(1) *Tsosie v. Garrett*, No. 5:CV-09-0435 (M.D. Fl.)

Mr. Tsosie filed this *Bivens* action on October 1, 2009, asserting that BOP officials failed to advise him of threats they received against his life. *See* Doc. 19-2, ECF pp. 12-13. On November 5, 2009, the Court dismissed Mr. Tsosie's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2) because his allegations failed to support a conclusion that he was deprived of any constitutional right as he was already in protective custody when he learned of the prison officials knowledge of prior threats made against him. *Id.*, ECF p. 14. The court also held that he failed to satisfy the physical injury requirement of 42 U.S.C. § 1997(e). On November 29, 2010, the United States Court of Appeals for the Eleventh Circuit affirmed the district court's decision. *See Tsosie v. Garrett*, 409 F. App'x 262 (11th Cir. 2010); *see also* Doc. 19-2, ECF pp. 17-21.

---

[1] This is because an inmate's failure to exhaust his administrative remedies is an affirmative defense, that must be proven by the defendants, and may be remedied. Therefore, dismissal for failure to exhaust is generally not "a basis for dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); *see also Ball*, 726 F.3d at 459.

-4-

(2)  *Tsosie v Holt*, No. 3:CV-10-0255, 2012 WL 1191608 (M.D. Pa.)

In this action, Mr. Tsosie alleged that prison officials at USP-Canaan allegedly erased his approved telephone list and placed him in a SHU cell with a non-functioning toilet for three days in retaliation for his prior involvement in an incident where an inmate and staff member were injured.  On April 10, 2012, this Court granted defendants' motion to dismiss, or in the alternative, motion for summary judgment.  Based on the undisputed material facts, defendants properly demonstrated that Mr. Tsosie had failed to properly exhaust his administrative remedies as to any of the claims raised in his complaint.  The Court also held that Mr. Tsosie failed to alleged any of the defendants' involvement in his First Amendment claims related to the erasure of his telephone list; he failed to satisfy the objective component of his Eighth Amendment conditions of confinement claim based on the undisputed facts in the record; and that he failed to state a claim of retaliation.  *See Tsosie v. Holt*, No. 3:CV-10-0255, 2012 WL 1191608 (M.D. Pa.) Although Mr. Tsosie took an appeal of the Court's Order granting the defendants' summary judgment motion, his appeal was dismissed due to his failure to timely prosecute.   *See Tsosie v. Holt*, No. 12-2351 (3d Cir. Jul. 2, 2012)(unpublished op.); *see also* Doc. 19-2, Ex. E.


(3)  *Tsosie v. Dunbar*, No. 3:CV-10-2104, 2012 WL 1191642 (M.D. Pa.)

On October 5, 2010, Mr. Tsosie filed a *Bivens* action alleging that BOP officials placed him in an unsanitary cell for fourteen hours and were deliberately

-5-

indifferent to his various medical ailments. On April 10, 2012, this Court granted the BOP defendants' motion to dismiss, or in the alternative, motion for summary judgment after finding his official capacity claims against the defendants were barred by the doctrine of sovereign immunity; his claims for injunctive and/or declaratory relief were moot based on his transfer to another prison facility; and the undisputed material facts in the record failed to reveal that defendants deliberately delayed his receipt of medical treatment for non-medical reasons. The United States Court of Appeals for the Third Circuit summarily affirmed our Order on November 12, 2012. *Tsosie v. Dunbar*, 504 F. App'x 75 (3d Cir. 2012).

      (4)     *Tsosie v. Bureau of Prisons*, No. 3:CV-10-2360 (M.D. Pa.)

On November 8, 2010, Mr. Tsosie filed an action pursuant to the FTCA and the Indian Tucker Act following his transport by van from one BOP penitentiary to another at an allegedly unsafe speed and the denial of access to a restroom during the 10 to 11 hour trip. *See* Doc. 19-4, Ex. J. On September 27, 2012, this Court substituted the United States as the proper defendant for Mr. Tsosie's FTCA claim and then dismissed the claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for his failure to state a claim on which relief could be granted. The Court held that Mr. Tsosie failed to establish more than a *de minimus* injury as a result of the alleged events which was insufficient to maintain a viable claim under the FTCA. His claim under the Indian Tucker Act was similarly dismissed for failure to state a claim. (*Id.*, ECF p. 44.) On February 7, 2013, the United States Court of Appeals for the Third Circuit dismissed Mr. Tsosie's appeal for his failure to timely prosecute after he

failed to pay the filing fee or file a motion to proceed *in forma pauperis*. *See* Doc. 19-4, ECF p. 77.

  (5) *Tsosie v. Simon*, No. 2:CV-12-0008 (D. Az.)

On January 3, 2012, Mr. Tsosie sued the President of the United States, the United States Attorney, an FBI Agent, the Navajo Nation, a tribal official and attorneys from the Navajo Tribal Defenders' Office as well as the Federal Public Defenders' Office. *See* Doc. 19-4, Ex L. On September 10, 2012, after allowing Mr. Tsosie to amend his complaint once, the District Court dismissed the amended complaint finding it failed to state a claim. *See* Doc. 19-4, ECF p. 65. The District Court specifically directed that the "Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a 'strike' under 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith." Doc. 19-4, ECF p. 66. On September 3, 2013, the United States Court of Appeals for the Ninth Circuit denied Mr. Tsosie's motion to proceed *informa pauperis* after noting that the "district court has certified that this appeal is not taken in good faith and has revoked appellant's in forma pauperis status. We deny appellant's motion to proceed in forma pauperis because we also find the appeal is frivolous. *See* 28 U.S.C. § 1915(a)." Doc. 19-4, Ex. M. On November 6, 2013, the Ninth Circuit Court of Appeals dismissed Mr. Tsosie's appeal due to his failure to perfect his appeal by failing to pay the requisite filing fee. *See Tsosie v. Brown*, No. 12-17297 (9th Cir.)(unpublished op.)

**III.  Discussion**

Applying the foregoing principles to the instant case, and assessing them against the evidence Defendant has offered in support of the assertion that Mr. Tsosie's *in forma pauperis* status should be revoked pursuant to 28 U.S.C. § 1915(g), it is clear that the motion must be denied at this time.  After consideration, the Court finds that three of the five cases cited by Defendant qualify as strikes under 28 U.S.C. § 1915(g):  (1) *Tsosie v. Garrett*, No. 5:CV-09-0435 (M.D. Fl.); (2) *Tsosie v. Bureau of Prisons*, No. 3:CV-10-2360 (M.D. Pa.); and (3) *Tsosie v. Simon*, No. 2:CV-12-0008 (D. Az.).  However, at the time Mr. Tsosie initiated the present action, April 30, 2012, only one of the three strikes was "final".  See *Gibbs,* 160 F.3d at 162; *see also Ball*, 726 F.3d at 464-465.  As such, the Court finds that Mr. Tsosie did not have three qualifying strikes for the purpose of 28 U.S.C. § 1915(g) when he initiated the present action.

An appropriate Order follows.


    /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: December   20   , 2013**